_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
July 20, 2018

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

PATRICK CANET and                                        Case No. 16-50644-BTB
JAZI GHOLAMREZA ZANDIAN,

                    Debtors.

_____/          Chapter 15

FRED SADRI, as Trustee for the Star Living Trust,
dated April 14,1997, SATHSOWI T. KOROGHLI,          Adversary No: 17-05016-BTB
as Managing Trustee for Koroghli Management Trust,
and RAY KOROGHLI, as Managing Trustee for
Koroghli Management Trust,

                                                        **FINDINGS OF FACT AND
                                                        CONCLUSIONS OF LAW IN
                                                        SUPPORT OF ORDER GRANTING
                                                        PARTIAL MOTION FOR
                                                        SUMMARY JUDGMENT AND
                                                        DENYING MOTION FOR
                                                        SUMMARY JUDGMENT AGAINST
                    Plaintiffs,                         CROSS CLAIMANT PATRICK
                                                        CANET AND GRANTING COUNTER
                                                        MOTION FOR SUMMARY
                                                        JUDGMENT**

v.

JED MARGOLIN and
JAZI GHOLAMREZA ZANDIAN,

                    Defendants.

_____/

    This matter came before the court on the <u>Motion for Summary Judgment Against Cross-

Claimant Patrick Canet</u>, Patrick Canet's <u>Opposition and Counter Motion for Summary Judgment</u>,

and Star Living Trust and Koroghli Management Trust's <u>Partial Motion for Summary Judgement</u>

filed on March 21, 2018, April 11, 2018 and April 16, 2018, respectively. Docket Nos. 23, 34, and 39, respectively. The case was heard on June 13, 2018 at 2:00 PM. Yanxiong Li, Esq., Wright Findlay & Zak, LLP appeared at the hearing on behalf of Star Living Trust and Koroghli Management Trust. Jeffrey L. Hartman, Esq., Hartman & Hartman, appeared at the hearing on behalf of Patrick Canet. Arthur A. Zorio, Esq. and Matthew D. Francis Esq., Brownstein Hyatt Farber Shreck. No other appearances were made at the hearing.

The Court has reviewed and considered the Complaint for Quiet Title and Declaratory Relief, and the exhibits attached thereto, the Answer and Affirmative Defenses of Jed Margolin to the Adversary Complaint and Demand for Jury Trial, the Notice of Lis Pendens, the Answer to Complaint, the Answer to Crossclaim of Patrick Canet and Affirmative Defenses and the exhibits attached thereto, the Answer to Counterclaim of Patrick Canet, the Motion for Summary Judgment Against Cross-Claimant Patrick Canet, the Statement of Undisputed Facts in Support of Motion for Summary Judgment Against Cross-Claimant Patrick Canet, the Declaration Of: Adam P. McMillen in support of Motion for Summary Judgment Against Cross-Claimant Patrick Canet, and the exhibits attached thereto, the Declaration Of: Matthew D. Francis in Support of Motion for Summary Judgment Against Cross-Claimant Patrick Canet, and the exhibits attached thereto, the Opposition and Counter Motion for Summary Judgment (the "Counter Motion"), the Partial Joinder to Patrick Canet's Opposition and Countermotion for Summary Judgment Voiding Judgment Lien, the Partial Motion for Summary Judgment on Plaintiff's Quiet Title/Declaratory Relief Cause of Action, the Amended Statement of Undisputed Facts In Support of Motion for Partial Summary Judgment on Plaintiff's Quiet title/Declaratory Relief Cause of Action and the exhibits attached thereto, the Reply in support of Motion for Summary Judgment and Opposition to Counter Motion, the Declaration of Arthur Zorio in Support of Cross-Defendant Jed Margolin's

Reply in Support of Motion for Summary Judgment Against Cross-Claimant Patrick Canet and Opposition to Counter Motion, and the exhibits attached thereto, the Opposition to Plaintiffs' Motion for Partial Summary Judgment, and the Reply in Support of Motion for Partial Summary Judgment on Plaintiff's Quiet Title/Declaratory Relief Cause of Action, and the exhibits attached thereto, and the certificates of service of these pleadings, the summonses, the Standard Discovery Plan, the Stipulation to Extend Time to File Dispositive Motions, the Stipulation to continue Hearing on Motion for Summary Judgment, the Joint Motion to Extend Time to file Dispositive Motions, and the Proceeding Procedures. Docket Nos. 1, 13, 14, 15, 16, 20, 23, 24, 25, 26, 34, 37, 39, 42, 46, 49, 53, 54. In accordance with Fed. R. Civ. P. 52, as adopted pursuant to Fed. R. Bankr. P. 7052, the Court recorded in open court its findings of fact and conclusions of law in support of Order Granting Motion and such findings and conclusions are incorporated herein. These include, but are not limited to the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.      The Court finds that multiple plots of land in Washoe County, Nevada are at issue (collectively referred to as the "Property"). Their respective Assessor Parcel Numbers (APN) are as follows:

> a)    079-150-09 (Parcel 1);
>
> b)    079-150-10 (Parcel 2);
>
> c)    079-150-13 (Parcel 3);
>
> d)    084-040-02 (Parcel 4);
>
> e)    084-040-04 (Parcel 5);
>
> f)    084-040-06 (Parcel 6);
>
> g)    084-040-10 (Parcel 7);

h)   084-130-07 (Parcel 8);

i)   084-140-17 (Parcel 9).

2.   Mr. Fred Sadri ("Sadri") is the sole trustee for the Star Living Trust ("SLT").

3.   The Court finds that SLT is a co-owner of a one-third undivided interest in title to the Property under a Grant Bargain and Sale Deed signed by Nevada Land and Resources Company, and recorded on August 6, 2003 as Instrument No. 2900592 in the Washoe County Recorder's Office.

4.   Mr. Ray Koroghli ("Mr. Koroghli") and Sathsowi T. Koroghli ("Mrs. Koroghli") are co-trustees for the Koroghli Management Trust ("KMT").

5.   The Court finds that KMT is a co-owner of a one-third undivided interest in title to the Property under a Quitclaim Deed signed by Mr. Koroghli, and recorded on May 12, 2009 as Instrument No. 3758659 in the Washoe County Recorder's Office.

6.   The Court finds that Mr. Gholam Reza Jazi Zandian ("Debtor") is the owner of an undivided one-third interest in title to the Property as a co-owner with SLT and KMT.

7.   The Court Finds that on December 11, 2009, Mr. Jed Margolin ("Margolin") filed a civil action against Debtor in the First Judicial District for Carson City, Nevada.

8.   SLT and KMT were not parties to this dispute.

9.   The Court finds that on June 26, 2013, a default judgment was entered granting Margolin $1,495,775.74 against Debtor.

10.   The Court finds that Margolin never recorded an affidavit to create his judgment lien in the manner stipulated by NRS 17.150(4).

11.   The Court finds that on April 3, 2015 Margolin caused Parcels 2, 4, and 8 of the Property to be sold to himself by Sheriff's Sale for $5,000, $5,000, and $3,000 respectively. He

-4-

received Sheriff's Certificates of Sale of Real Property on the date of the sale for the three

parcels.

12.    The Court finds that on September 8, 2016 a Sheriff's Deed Upon Execution of

Real Property was recorded in Washoe County in favor of Margolin regarding Parcels 2, 4, 8, and

APN 079-150-12.

13.    The Court finds that SLT and KMT had no notice of the sales or of their right to

protect their interest in title to the Property.

14.    Any Finding of Fact more properly described as a Conclusion of Law shall be

deemed a Conclusion of Law.

### CONCLUSIONS OF LAW

1.    Notice of all Motions for Summary Judgment were properly given to Defendants.

**SLT and KMT's Motion for Partial Summary Judgment on Their Claim for Quiet Title/Declaratory Relief**

2.    "(S)tatutes creating time or manner restrictions are generally construed as

mandatory." *Village League to Save Incline Assets, Inc. v. State ex rel. Bd. of Equalization*, 124

Nev. 1079, 1086-87 (2008).  "(S)tatutes allowing for a "reasonable time" to act are subject to

interpretation for substantial compliance, those with set time limitations are not." *Leven v. Frey*,

123 Nev. 399, 408 (2007).  NRS 17.150(4) provides, "In addition to recording the information

described in subsection 2, a judgment creditor who records a judgment or decree for the purpose

of creating a lien upon the real property of the judgment debtor pursuant to subsection 2 shall

record at that time an affidavit of judgment(.)"  "(A)t that time" is a statutory time restriction

meaning the affidavit recordation requirement is construed as mandatory and any sale which occurred without such an affidavit is void *ab initio*.  Further, "at that time" is a set time limitation meaning it also requires strict compliance.  As such, SLT and KMT are entitled to Summary Judgment against Margolin because Margolin never recorded an affidavit and therefore did not strictly comply with NRS 17.150(4).   Accordingly, SLT and KMT's respective one-third interests in the property are affirmed and the Sheriffs's Sales are invalid.

**Margolin's Motion for Summary Judgment Against Cross-Claimant Patrick Canet**

3.      Despite Margolin's arguments related to the ministerial act exception and Canet's failure to participate in the discovery process, he is not entitled to summary judgment because he did not strictly comply with NRS 17.150(4) since he never recorded an affidavit with his judgment.  Accordingly, the Sheriff's sales through which he obtained an interest in the Property were invalid and any interest he may have had in the property is voided.

**Canet's Opposition and Counter Motion for Summary Judgment**

4.      Canet's Counter Motion for Summary Judgment should be granted for the reasons set forth above in the analysis of SLT and KMT's Motion for Partial Summary Judgment.  Accordingly, the Sheriff's sales based upon the default judgment are void.

5.      Any Conclusion of Law more properly described as a Finding of Fact shall be deemed a Finding of Fact.